UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN VINCENT VALENZA, III,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 16-1058 |
| WASHINGTON EUGENIO SANTOS,<br>JR., ET AL.,<br>    Defendants | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is Defendant Paul D. Connick's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] The motion is opposed.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2016, Plaintiff John Valenza ("Valenza") brought this lawsuit against Washington Santos, Jr. ("Santos") and Paul Connick ("Connick"), District Attorney of Jefferson Parish, in his official capacity.[3] Valenza alleges Santos, an employee of the District Attorney's Office of Jefferson Parish, accessed Valenza's personal information from the records from the Louisiana Office of Motor Vehicles and National Crime Information Center.[4] Valenza alleges Santos obtained Valenza's photograph, social security number, medial and disability information, driver's license number, address, information on vehicular accidents, driving violations, and driving status.[5]

On February 5, 2015, Valenza alleges Santos arranged a meeting with him, where Santos informed Valenza he was an investigator for Paul Connick, District Attorney of

---

[1] R. Doc. 17.
[2] R. Doc. 20.
[3] R. Doc. 1.
[4] R. Doc. 1 at 2–3.
[5] R. Doc. 1 at 2.

1

Jefferson Parish, and that he had conducted a background check on Valenza.[6] Valenza alleges Santos illegally obtained Valenza's personal information in to harass and intimidate him because he was dating Santos's ex-wife.[7] In April and June of 2015, Valenza alleges he met with employees of the district attorney's office to complain that Santos had improperly obtained Valenza's personal information and was using the information to harass and intimidate him.[8]

Valenza was granted leave of court to amend his complaint.[9] Valenza brings claims under the Driver's Privacy Protection Act[10] against Santos and Connick. Valenza also brings a claim against Santos under Article 1, Section 5 of the Louisiana Constitution for invasion of Valenza's right to privacy. Finally, Valenza brings state-law claims against Connick under the theories of vicarious liability and direct negligence for failure to supervise, monitor, and retain Santos. Defendant Connick filed a motion to dismiss in response to Valenza's original and amended complaints. Connick's motion to dismiss the amended complaint is now before the Court.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] "A claim

---

[6] R. Doc. 1 at 3.
[7] R. Doc. 1 at 3.
[8] R. Doc. 1 at 3–4.
[9] R. Doc. 15.
[10] 18 U.S.C. § 2721, *et seq*.
[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] However, the court does not accept as true legal conclusions or mere conclusory statements,[14] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[15] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[16]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[17] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[18] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[19]

## LAW AND ANALYSIS

Connick seeks dismissal of Valenza's claims against him with prejudice, arguing Valenza has failed to state claims for relief that are plausible on their face. The Court rules on Valenza's motion to dismiss by analyzing it in the context of each cause of action.

I.   Driver's Privacy Protection Act

In his original complaint, Valenza alleges Connick "violated the DPPA by failing to sufficiently supervise and monitor the defendant, Santos, in connection with Santos'

---

[13] *Id.*
[14] *Id.*
[15] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[16] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[17] *Twombly*, 550 U.S. at 555.
[18] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[19] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

3

duties and activities as an investigator employed by Connick."[20] In his motion to dismiss the amended complaint, Connick argues the Driver's Privacy Protection Act ("DPPA") claim against him should be dismissed because Valenza does not allege sufficient facts to show Santos's conduct at issue was, at least in part, actuated by a purpose to serve the employer.[21] Further, Connick argues "[t]he text of the statute limits liability to those who disclose, use, access, or obtain information themselves for an impermissible purpose," and Valenza's complaints allege no facts that Connick himself disclosed, used, accessed, or obtained information for an impermissible purpose.[22]

In his memorandum in opposition to Connick's motion to dismiss the second amended complaint, Valenza concedes the claims under the DPPA against Connick should be dismissed.[23] As a result, Valenza's claim against Connick under the Driver's Privacy Protection Act is dismissed with prejudice.

II.    Vicarious Liability

Valenza alleges Connick is vicariously liable for the actions of his employee, Santos. First, the Court will analyze whether Connick, in his official capacity, is subject to suit for vicarious liability. For the purposes of Eleventh Amendment immunity, a district attorney sued in his official capacity is a local government official, and is therefore not entitled to immunity.[24] "Under the Louisiana Constitution and laws, a district attorney, like a sheriff, is virtually an autonomous local government official."[25] The Fifth Circuit, analogizing to cases holding sheriffs liable under Louisiana tort law for vicarious liability, held a district

---

[20] R. Doc. 1.
[21] R. Doc. 17-1 at 3.
[22] R. Doc. 17-1 at 5.
[23] R. Doc. 20 at 1 ("Although the plaintiff agrees that the DPPA respondeat superior claims against Connick should be dismissed, the plaintiff's state law claims against Connick should remain because the facts alleged in the Complaint and Amended Complaint support them. . . .").
[24] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).
[25] *Id.* at 469.

4

attorney may be sued only in his official capacity for vicarious liability claims.[26] In this case, the claim for vicarious liability is properly brought because Valenza has sued Connick only in his official capacity.

An employer is liable for the torts of an employee committed while the employee is acting within the course and scope of his employment.[27] "Vicarious liability rests in a deeply rooted sentiment that a business enterprise cannot justly disclaim responsibility for accidents which may fairly be said to be characteristic of its activities."[28] An employer's vicarious liability for its employee's conduct extends only to the employee's tortious conduct that is within the course and scope of employment.[29] "Course" refers to the time and place that the conduct occurred, while "scope" examines the employment-related risk of injury.[30]

In *Baumeister v. Plunkett*, the Louisiana Supreme Court set forth a four-part test for vicarious liability: "(1) whether the tortious act was primarily employment rooted; (2) whether the [act] was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether it occurred during the hours of employment."[31] Although all four factors need not be satisfied, the determinative question is whether the tortious conduct of the employee was "so closely connected in time, place, and causation to [the employee's] employment-duties, as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with

---

[26] *Id.* "[W]e conclude that the Louisiana courts would be guided by the same principles [as holding sheriffs liable for vicarious liability] and deem suits seeking to hold a district attorney vicariously liable for the torts of assistants or employees, and not for the district attorney's own negligence, to be in-capacity suits in which the district attorney could not be held personally liable." *Id.*
[27] LA. CIV. CODE art. 2320.
[28] *Richard v. Hall*, 874 So.2d 131, 138 (La. 2004).
[29] *Kelley v. Dyson*, 40 So. 3d 1100, 1105 (La. Ct. App. 5 Cir. 5/25/10).
[30] *Baumeister v. Plunkett*, 673 So. 2d 994, 996 (La. 1996).
[31] *Id.* at 996–97.

5

conduct motivated by purely personal considerations entirely extraneous to the employer's interest."[32]

When considering the four *Baumeister* factors in this case, it is clear that the third and fourth factors are met—the tortious act took place on the employer's premises during working hours. Therefore, the allegedly tortious act was in the course of Santos's employment. "A finding of employment, factors (3) and (4), without more, is insufficient to impose vicarious liability."[33]

The issue, then, is whether the alleged conduct falls within the scope of Santos's employment. "A finding of scope of employment hinges on the predominant motive of the tortfeasing employee, whether the purpose of serving the employer's business actuated the employee to any appreciable extent."[34] Valenza, however, does not allege facts to establish Santos acted within the scope of his employment—specifically, that the tortious act was primarily employment rooted and was reasonably incidental to the performance of the employee's duties. Valenza instead alleges Santos accessed the databases "for a purely private purpose."[35] This private purpose, the complaint alleges, was to harass and intimidate Valenza because he was dating Santos's ex-wife.[36] None of the facts alleged by Valenza indicates that Santos was actuated "to any appreciable extent" by the purpose of serving Connick or the district attorney's office when he accessed Valenza's records. Because Valenza alleges no facts to establish Santos acted within the scope of his employment, Valenza cannot establish Connick is vicariously liable. "Dismissal is

---

[32] *Kelley v. Dyson*, 40 So. 3d 1100, 1105 (La. Ct. App. 5 Cir. 5/25/10).
[33] *Johnson v. Littleton*, 37 So. 3d 542, 547 (La. Ct. App. 2 Cir. 5/19/10).
[34] *Id.*
[35] R. Doc. 1 at 4.
[36] R. Doc. 1 at 3.

appropriate when the complaint 'on its face show[s] a bar to relief.'"[37] Accordingly, Valenza's claim that Connick is vicariously liable for the tortious conduct of Santos is dismissed with prejudice.

III. <u>Negligent Supervision, Monitoring, and Retention</u>

Valenza alleges Connick, as the district attorney, was negligent in his supervision, monitoring, and retention of Santos.

"A case against an employer for the torts of an employee based on the employer's alleged direct negligence in hiring, retaining, or supervising the employee is governed by the same duty-risk analysis used for all cases in Louisiana."[38] Valenza, therefore, is required to prove the following elements: (1) Connick had a duty; (3) Connick breached that duty; (3) Connick's action was the caused Valenza's damages.[39]

"When an employer hires an employee who in the performance of his duties will have a unique opportunity to commit a tort against a third party, he has a duty to exercise reasonable care in the selection of that employee."[40] Logically, the same duty extends to the supervision, monitoring, and retention of the employee. With respect to Valenza's claims for negligent supervision and monitoring, when considered in the light most favorable to him, Valenza alleges sufficient facts to give rise to an inference that Santos's position as an investigator for the district attorney's office gave him a "unique opportunity" to access Valenza's personal information. Providing an investigator with access to databases that contain private information gives that employee a "unique opportunity" to cause harm to others. Valenza's complaint alleges Santos, as an

---

[37] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[38] *Jackson v. Ferrand*, 658 So. 2d 691, 698 (La. Ct. App. 4 Cir. 12/28/94).
[39] *See id.*
[40] *Cote v. City of Shreveport*, 73 So. 3d 435, 440 (La. Ct. App. 2 Cir. 9/21/11).

7

investigator with the district attorney's office, had the "ability to access motor vehicle records from the Louisiana Office of Motor Vehicles" and the National Crime Information Center database.[41] Valenza therefore alleges sufficient facts with respect to the duty element of negligent supervision and monitoring claims. Valenza also sufficiently alleges the remaining elements—breach of duty and causation. The complaint alleges Connick "failed to properly supervise or monitor his employees including . . . Santos . . . [and] to confirm that [employees were] not accessing databases . . . for unlawful purposes" and this failure resulted in Valenza's damages.[42] Valenza's complaint, therefore, alleges sufficient facts to establish his claims of negligent supervision and monitoring are plausible on the face of the complaint.

With respect to Valenza's claim for negligent retention, Valenza alleges Santos arranged a meeting with Valenza on February 5, 2015, when Valenza allegedly became aware Santos had obtained his private information through the Office of Motor Vehicles database.[43] In April and June of 2015, Valenza alleges he met with employees of the district attorney's office to inform them of the alleged harassment by Santos.[44] Valenza then alleges Santos "followed up on these actions using private information gained from his unauthorized search of the databases, by appearing at the home of [Valenza], . . . leaving notes on his car, harassing and confronting [Valenza] and Kristen Hartley Valenza. . . ."[45] Connick hired Santos, who in the performance of his duties has a unique opportunity to commit a tort against third parties, and therefore Connick has a duty to exercise reasonable care in retaining that employee. Valenza alleges sufficient facts to

---

[41] R. Doc. 1 at 2–3.
[42] R. Doc. 1 at 5.
[43] R. Doc. 1 at 3.
[44] R. Doc. 1 at 3–4.
[45] R. Doc. 1 at 4.

8

state a plausible claim for negligent retention because after Connick's office was made aware of Santos's actions, Santos allegedly continued to harass Valenza using the information obtained from the databases, constituting a breach of Connick's duty to exercise reasonable care in retaining employees. Valenza also alleges Connick's breach of his duty resulted in the damages to Valenza.[46] Accordingly, Connick's motion to dismiss Valenza's state-law claims for negligent supervision, monitoring, and retention is denied.

## CONCLUSION

**IT IS ORDERED** that Connick's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted insofar as Valenza's claims against Connick under the DPPA and under Louisiana law for vicarious liability are dismissed with prejudice. The motion is denied insofar as Valenza alleges sufficient facts to establish his claims of direct negligence for negligent supervision, monitoring, and retention against Connick.

**New Orleans, Louisiana, this 13th day of December, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[46] R. Doc. 1 at 5.